IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey M. Roberts, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-166 |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior U.S. District Judge

## MEMORANDUM OPINION AND ORDER

**I.   Synopsis**

In this case, Plaintiff Jeffrey M. Roberts seeks judicial review of the denial of his application for Social Security Disability Insurance Benefits ("DIB"). Plaintiff alleges that the Social Security Administration ("SSA") improperly denied him benefits thus violating his right to due process. Docket No. [9]. Pending before this Court is Defendant Michael J. Astrue, Commissioner of Social Security's Motion to Dismiss for lack of subject matter jurisdiction. Docket No. [12]. Defendant argues that this Court does not have subject matter jurisdiction because there was no "final decision after a hearing" on Plaintiff's DIB claim, and Plaintiff has no colorable constitutional claim. Docket No. [13]. Plaintiff submits this Court can review the SSA's decision pursuant to Section 205 of the Social Security Act and under the Constitution, contending that Plaintiff received a final decision but that procedural errors committed by the SSA prevented him from having a hearing on his claim, thus violating his due process rights. Docket No. [14]. After careful review of the submissions by the parties and based on my

1

Opinion set forth below, Defendant's Motion to Dismiss is GRANTED and this matter is DISMISSED for lack of subject matter jurisdiction.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's case. Fed. R. Civ. P. 12(b)(1). In other words, it "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp. 423, 428 (D. N.J. 1999). In a Rule 12(b)(1) attack, a defendant may argue that a plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous (a "facial attack") or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact" (a "factual attack"). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). This case is a factual attack.

In a factual subject matter jurisdiction attack, no presumption of truthfulness attaches to the allegations of the plaintiff.[1] *Id.* The plaintiff bears the burden of persuading the court that it has jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991). Because the Court must determine whether jurisdiction exists before it may proceed to the merits of a case, the Court may make factual findings which are decisive to the issue.[2] *Id.* at 429 (citing *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir.1990)). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. While this Court "must demand 'less in the way of jurisdictional proof than would be appropriate at a trial stage,'"

---

[1] This is in contrast to a facial attack on subject matter jurisdiction. In a facial attack, the sufficiency of the pleadings is contested and, consequently, the Court must accept a plaintiff's allegations as true. *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 1977).

[2] Plaintiff incorporated all factual allegations contained in the exhibits accompanying Defendant's Motion to Dismiss. Docket No. [14] at p. 2.

2

the Court may consider evidence outside of the pleadings. *CNA v. United States*, 535 F.3d 132, 144-145 (3d Cir. 2008) (citing *Mortensen*, 549 F.2d at 891); *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Moreover, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

If this Court determines that it does not have subject matter jurisdiction over the case, then the action must be dismissed. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

### III. Analysis

#### A. *Res Judicata*

The decisions of the Commissioner of Social Security ("the Commissioner") are binding and not subject to review except as authorized by Section 205 of the Social Security Act. *See* 42 U.S.C. § 405(h). This Court can review decisions of the Commissioner only (i) once a final decision has been issued and (ii) after a hearing. 42 U.S.C. § 405(g). Here, the parties do not dispute that a final decision has been issued. Docket No. [13] at 6-8 (Defendant) and Docket No. [14] at 3-6 (Plaintiff). Plaintiff and Defendant disagree whether the final decision was issued "after a hearing." *Id.* Defendant contends that the SSA properly issued a final judgment without a hearing according to the rules of administrative *res judicata*, thus rendering this Court devoid of jurisdiction. Plaintiff maintains that this Court has jurisdiction because *res judicata* was improperly applied.

If applicable, *res judicata* empowers a reviewing judge or council to dismiss a hearing request on a social security claim because of a previous determination based on "the same facts and on the same issue or issues." 20 C.F.R. § 404.957(c)(1). Where the same facts and issues are involved, a district court is without jurisdiction to engage in judicial review of "the Commissioner's discretionary decision to decline to reopen a prior application or to deny a

subsequent application on *res judicata* grounds." *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999) (citing *Califano v. Sanders*, 430 U.S. 99 (1977)). This is because, per Section 205, the Commissioner's determination of the claim becomes final without a hearing. *Id.*; *see* 42 U.S.C. § 405(g). This Congressional limitation of judicial review of the denial of benefits "is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Sanders*, 430 U.S. at 108. Therefore, a district court can review a claim denied on *res judicata* grounds only when (i) the claims and issues involved are not the same for *res judicata* purposes, (ii) where the same claims and issues are involved but the claim was reconsidered on its merits at some point prior to review (meaning the case was "reopened") or (iii) where the Commissioner's decision has been challenged on constitutional grounds. *Sanders*, 430 U.S. at 187; *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981).

Ultimately, Plaintiff sought review from the Appeals Council. Docket No. [9] at p. 4, para. 16. In addition to reviewing claims for errors of law and abuse of discretion, the Appeals Council has the ability to dismiss a hearing request for any of the reasons that an ALJ can use. Social Security Ruling 95-2c; *see also* 20 C.F.R. § 404.957(c)(1). Administrative *res judicata* is one of the reasons an ALJ may refuse to have a hearing on a claim. 20 C.F.R. § 404.957(c)(1). When the Appeals Council granted review of Plaintiff's claim, it advised Plaintiff that it intended to dismiss his hearing on the basis of administrative *res judicata* because he had not submitted "new and material evidence" to support his claim. Docket No. [13-1] at Exhibit 12, p. 2. Subsequently, having received nothing new from Plaintiff,[3] the Appeals Court dismissed Plaintiff's claim. *Id.* at Exhibit 13, p. 2. The Appeals Court noted that Plaintiff's previous claims had been denied "per the administrative rules of *res judicata*" and that the ALJ should

---

[3] Although Plaintiff disputes this, claiming that he did provide additional information to the Appeals Council through his agent, Plaintiff concedes that the Appeals Council "appears to have not considered" it. Docket No. [14] at p. 7.

have dismissed Plaintiff's claim under the doctrine as well. *Id.* Because Plaintiff's claim was dismissed according to *res judicata*, Defendant submits this Court lacks jurisdiction. Plaintiff claims *res judicata* was applied improperly and thus, is subject to review.

For the purpose of establishing jurisdiction, I find the Appeals Council properly invoked the doctrine of *res judicata*. I find the facts and issues of Plaintiff's claim on review before the Appeals Council to be the same facts and issues considered by the Commissioner in his denial of Plaintiff's claim in March 2000 because it is evident that nothing new was considered. Although Plaintiff proffers that he submitted additional information to the Appeals Council, I am satisfied that if Plaintiff did supplement his claim, that he did not do so with any new information that would call into question the similarity of the facts and issues of his initial claim versus his claim on appeal such that this Court would have subject matter jurisdiction. The Appeals Council made clear, both (i) in its notice to Plaintiff of its intent to dismiss and (ii) in its dismissal of Plaintiff's hearing request, that it had received nothing new from Plaintiff.[4] Docket No. [13-1] at Exhibit 12 & 13. Moreover, the procedural history of Plaintiff's claim demonstrates that at each new application or on review, Plaintiff's claim was dismissed specifically because he had not presented new information that would cause the Commissioner to change his decision. This is the very definition of *res judicata*. Consequently, because Plaintiff's hearing request was denied on *res judicata* grounds without a hearing, Plaintiff's claim is not reviewable by this Court pursuant to Section 205(g) of the Social Security Act.

---

[4] The Appeals Council's notice of intent to dismiss advised Plaintiff that he could submit new material for consideration. Docket No. [13-1] at Exhibit 13 ("Under our rules, we will review your case for any of the following reasons . . . [If w]e receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record."). Indeed, every dismissal or denial that Plaintiff received advised him of his right to supplement his claim with new information.

5

B. Due Process

Notwithstanding the fact that Section 205 of the Social Security Act prohibits judicial review of the Commissioner's unopened final decisions, district courts have jurisdiction to review a Commissioner's final decision made without a hearing when a claimant raises a colorable constitutional claim. *Sanders*, 430 U.S. at 109. As the Supreme Court explained: "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.* Courts in the Third Circuit have recognized the exception to the general rule barring judicial review of unopened claims when colorable constitutional claims are raised. *See Aponte v. Sullivan*, 823 F. Supp. 277, 281 (E.D. Pa. 1993) (finding colorable constitutional claim where claimant alleges defective notice of appellate rights); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (finding colorable constitutional claim where claimant alleges lack of adequate notice of appellate rights).

In the present case, Plaintiff argues that the SSA's failure to follow its administrative procedure violated due process by preventing him from presenting additional evidence on his claim and "foreclose[ing] his ability to appear and be heard" because his requests for a hearing were dismissed under the *res judicata* doctrine. Docket No. [14] at p. 9.

A "[p]laintiff cannot make a colorable claim that the use of administrative *res judicata* in and of itself is a due process violation." *Aponte*, 823 F. Supp. at 281. As explained above, it is well settled that the doctrine of *res judicata* applies to DIB claims and a final decision based on *res judicata* is not reviewable despite the absence of a hearing. *See Sanders*, 430 U.S. at 107-109. Moreover, contrary to Plaintiff's contention that he was "entitled to a hearing to determine his eligibility under the law," due process does not require an evidentiary hearing prior to the

denial of DIB. *Matthews v. Eldridge*, 424 U.S. 319, 349 (1976). Consequently, Plaintiff's contention that the SSA improperly applied *res judicata* in denying his request for a hearing does not present a colorable constitutional claim.

Although circular in his due process argument, Plaintiff's attack on the Commissioner's misapplication of SSA procedure seems to go beyond mere denial of *res judicata*. Plaintiff also alleges that his requests for a hearing were improperly denied for a lack of a reconsideration determination when one was not required and that employees of the SSA's local office misled him and prevented him from presenting additional evidence in support of his claim. Docket No. [14] at p. 9. Plaintiff further argues that his right to due process was violated when his hearing request was denied for lack of a reconsideration determination because the notice informing him of the denial stated that he did not need to seek a reconsideration determination before appealing to an ALJ. *Id.*

In evaluating the administrative procedures of the SSA, the Supreme Court has noted that as long as administrative procedures are structured such that they "assure fair consideration of the entitlement claims of individuals" and "insure that they are given a meaningful opportunity to present their case," they will comport with due process. *Eldridge*, 24 U.S. at 349. "The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Id.* at 348 (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. at 171-172) (Frankfurter, J., concurring)).

Having carefully considered the procedural history of Plaintiff's appeal, ultimately, I find that Plaintiff has failed to establish how the SSA's procedural errors denied him a hearing on his claim and denied him due process. Specifically, Plaintiff has not articulated how the few possible procedural missteps of the SSA prevented him from receiving fair and meaningful

7

consideration of his DIB claim. On the contrary, I find that despite the fact that Plaintiff failed to fully avail himself of his appellate rights within the SSA's administrative review process, the SSA afforded him full review of his claim.

Upon review of Plaintiff's due process argument, I find three instances where the SSA did not follow procedure. In each of these instances, Plaintiff has not established a colorable constitutional claim because he has not demonstrated how the SSA's procedural errors denied him due process.

First, the ALJ's dismissal of Plaintiff's November 2005 request for a hearing because there had been no reconsideration determination was improper since Plaintiff's application had been randomly selected for elimination of the reconsideration step as part of a redesign program to test a new administrative appeals process. *See* Docket No. [13] at p. 2, n. 3. Plaintiff cannot claim this procedural misstep violates his due process rights because it did not prevent Plaintiff from presenting his case and appealing his claim. Plaintiff was advised that he could request review of the ALJ's decision (although he chose not to do so). Docket No. [13-1] at Exhibit 7. Moreover, Plaintiff continued to file new claims and to appeal the denial of his initial decision, all the way to the Appeals Council.

Second, it is unclear what notice, if any, the SSA provided Plaintiff regarding his right to appeal the 2007 denial.[5] Unlike the other disfavorable decisions, Defendant did not provide this Court with a copy of a Notice of Disapproved Claim for that decision. It seems likely Plaintiff received written notification of his appellate rights given that he received notice of his right to

---

[5] Plaintiff does not articulate a "defective notice" due process violation *per se*. Plaintiff argues that he was denied due process when the ALJ dismissed his hearing request for lack of a reconsideration determination on the 2007 application and the SSA did not send his claim back for reconsideration. Docket No. [14] at p. 9. However, I feel compelled to point out this procedural error since it clearly confused Plaintiff into thinking that he had not requested reconsideration when he had. Plaintiff requested reconsideration of his 2007 application on February 16, 2008. Docket No. [13-1] at Declaration of James Jones, p. 4, para. d & Exhibit 8. It was denied on April 14, 2008. *Id.*

review every other decision the Commissioner made on his claim (Docket No. [13-1]) and because Plaintiff subsequently requested reconsideration of the 2007 denial. Plaintiff's demonstrated awareness of his appellate rights negates his due process claim in this instance.[6]

Third, the December 2008 dismissal of Plaintiff's hearing request by an ALJ because of no reconsideration determination was improper. In fact, Plaintiff had requested a reconsideration determination which was denied by the SSA on April 14, 2008. Docket No. [13-1] at Declaration of James Jones, para. d & Exhibit 8. The Appeals Council acknowledged this error when it dismissed Plaintiff's request for a hearing: "the Administrative Law Judge should have dismissed the [2008] request for a hearing under the administrative rules of *res judicata*." Docket No. [13-1] at Exhibit 13. Consequently, where the dismissal was proper but the reasoning flawed, Plaintiff fails to establish a due process violation.

Plaintiff simply has not articulated tangible ways the SSA violated his due process rights. While he alleges that local SSA office employees misled him, Plaintiff has failed to establish exactly how the actions of these individuals violated his due process rights. Accordingly, Plaintiff's complaint does not establish a colorable constitutional claim.

Overall, I find that the procedural history reflects that the SSA provided full review of Plaintiff's claim. At every determination, the SSA gave Plaintiff written notice explaining the reasons for the decision and informing him of his right to reconsideration, if any. *See* Docket No. [13-1] at Declaration of James Jones, Exhibit 2 ("If you disagree with this decision, you have the right to request a hearing. . . . The hearing is your chance to tell the ALJ why you disagree with the decision in your case."), Exhibit 3 (explaining a claimant's rights and the

---

[6] This case is distinguishable from *Aponte*. Whereas the claimant in *Aponte* was able to establish a colorable constitutional claim because of defective notice regarding the potential application of *res judicata* on reapplication, the instance case does not present a similar "defective notice" issue. Plaintiff received several Notices of Disapproved Claims prior to this instance wherein he was advised of the potential impact of *res judicata* on any future applications for benefits. *Compare Aponte*, 823 F.Supp 277 (E.D. Pa. 1993).

procedure for appealing denial), Exhibit 4 ("Unless you request an appeal of the "technical" denial which is being applied to your case by appealing the October 2005 denial, the March 2000 decision will stand as Social Security's final medical determination of your eligibility for benefits."), Exhibit 7 (instructing Plaintiff that he could request review by the Appeals Council of the ALJ's May 2006 notice of dismissal), Exhibit 8 (advising Plaintiff that he could appeal by requesting a hearing of an ALJ), & Exhibit 10 (informing Plaintiff that he could request review of the ALJ's decision from the Appeals Council); *see also* 20 C.F.R. §§ 404.904, 404.922, 404.958 & 404.973. The SSA also advised Plaintiff that filing a new application was not the same as appealing his initial decision. Docket No. [13-1] at Exhibit 2 ("You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with this decision and you file a new application instead of appealing . . . we could deny the new application using this decision, if the facts and issues are the same.") However, Plaintiff did just that, and now argues that his new applications should have been processed as requests for a hearing. Docket No. [9] at p. 3. Nevertheless, Plaintiff cannot create a constitutional issue to secure federal court jurisdiction where his own procedural missteps did not prohibit continued administrative review of his claim.

## IV.   Conclusion

I find that Defendant properly invoked administrative *res judicata* when he issued a final decision without a hearing; therefore, this Court lacks jurisdiction pursuant to Section 205. I also find that Plaintiff fails to raise a colorable constitutional claim that would allow review by this Court. Consequently, this Court lacks subject matter jurisdiction. Accordingly, Defendant's Motion to Dismiss is GRANTED and this matter is DISMISSED.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey M. Roberts, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 11-166 |
| Michael J. Astrue, Commissioner of Social Security | ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior U.S. District Judge

## ORDER OF COURT

AND NOW, this 21st day of May, 2012, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion to Dismiss (Docket No. 12) is GRANTED and this matter is DISMISSED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge